**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10320 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00452-ECR |
| v. | |
| LUIS SOTO-GUEVARA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Submitted February 15, 2011[**]

Before:   CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Luis Soto-Guevara appeals from the 17-month sentence imposed following
his guilty-plea conviction for being a deported alien found unlawfully in the United
States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Soto-Guevara contends that the staleness of his prior conviction and minimal criminal history renders his sentence substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Soto-Guevara's below-Guidelines sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Soto-Guevara also contends that his sentence is unreasonable because his prior conviction for sale a controlled substance, in violation of California Health & Safety Code § 11352(a), would not have triggered the 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) for a prior felony drug trafficking conviction before the November 1, 2008 amendments. The district court did not plainly err in applying the enhancement where Soto-Guevara committed the current illegal re-entry offense following the November 1, 2008 amendment's addition of "offer to sell" to the 12-level enhancement.

Finally, Soto-Guevara contends that his sentence is unreasonable because his prior sale of a controlled substance conviction does not qualify as an aggravated felony. The district court did not plainly err because Soto-Guevara concedes his prior conviction qualified as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(B), and thus, the 12-level enhancement was appropriate even though

Soto-Guevara's prior offense was not a statutory "aggravated felony" under 8 U.S.C. § 1101(a)(43).

**AFFIRMED.**